UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER T. M.

                    Plaintiff,

v.                                                1:20-CV-1553
                                                       (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | KENNETH HILLER, ESQ.<br>MARY HILL, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | KATHRYN POLLACK, ESQ.<br>LAUREN MYERS, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 17.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted to the extent it seeks remand for further proceedings, and the Commissioner's motion is denied.

**I.     RELEVANT BACKGROUND**

    **A.     Factual Background**

Plaintiff was born in 1969.  (T. 86.)  He graduated high school.  (T. 237.)  Generally, Plaintiff's alleged disability consists of neck impairment, back impairment, mental health impairment, and migraines.  (T. 88.)  His alleged disability onset date is October 1, 2016.  (T. 86.)  His date last insured is December 31, 2021.  (*Id.*)  His past relevant work consists of server.  (T. 237.)

    **B.     Procedural History**

On August 1, 2017, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act.  (T. 86.)  Plaintiff's applications were initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ").  On August 20, 2019, Plaintiff appeared before the ALJ, Brian Battles.  (T. 34-85.)  On September 9, 2019, ALJ Battles issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 13-33.)  On September 18, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 2-7.)  Thereafter, Plaintiff timely sought judicial review in this Court.

    **C.     The ALJ's Decision**

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 18-28.)  First, the ALJ found Plaintiff met the insured status requirements through December 31, 2021, and Plaintiff had not engaged in substantial gainful activity since October 1, 2016.  (T. 18.)  Second, the ALJ found Plaintiff had the severe impairments of status-post two ALIF back surgeries; chronic migraines; sleep

apnea; bipolar disorder; anxiety disorder; and posttraumatic stress disorder ("PTSD"). (*Id.*)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 19.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except Plaintiff can:

> occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs.  He cannot climb ladders, ropes, or scaffolds.  [Plaintiff] frequently can handle and finger with the bilateral upper extremities.  He cannot work in hazardous environments such as at unprotected heights or moving mechanical parts.  [Plaintiff] is limited to simple, routine, repetitive tasks and can work in a low stress job, defined as making only occasional decisions and tolerating only occasional changes in the work setting.  [Plaintiff] can have occasional interaction with supervisors, co-workers, and the public with respect to performing work-related duties.

(T. 20.)[1]  Fifth, the ALJ determined Plaintiff unable to perform past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 26.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes two arguments in support of his motion for judgment on the pleadings.  First, Plaintiff argues the ALJ "ignored the treating opinions from PA Switzer and ANP Kosgei, as well as the statement from CASAC Butcher, and ignored most of

---

[1]   Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. §§ 404.1567(b), 416.967(b).

the contents of Dr. Schaich's opinion." (Dkt. No. 10 at 15-20.)  Second, and lastly, Plaintiff argues the ALJ "failed to incorporate any limitations stemming from Plaintiff's migraine disorder in the RFC, despite finding the impairments severe; in doing so, he failed to adequately consider the evidence regarding Plaintiff's migraines in considering Plaintiff's RFC." (*Id.* at 20-23.)  Plaintiff also filed a reply in which he deemed no reply necessary.  (Dkt. No. 13.)

### B. Defendant's Arguments

In response, Defendant makes two arguments.  First, Defendant argues the ALJ appropriately assessed the evidence and accounted for Plaintiff's mental limitations within the RFC.  (Dkt. No. 12 at 14-22.)  Second, and lastly, Defendant argues the ALJ properly considered Plaintiff's migraines in evaluating his functioning.  (*Id.* at 22-25.)

## III. RELEVANT LEGAL STANDARD

### B. Standard of Review

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard."  *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012).  In particular, it requires deference "to the Commissioner's resolution of conflicting evidence."  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).  It is not the Court's "function to determine *de novo* whether a plaintiff is disabled."  *Brault,* 683 F.3d. at 447.  "In determining whether the agency's findings were supported

by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks omitted). "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts 'only if a reasonable factfinder would have to conclude otherwise.' " *Brault,* 683 F.3d at 448. The Court "require[s] that the crucial factors in any determination be set forth with sufficient specificity to enable [the reviewing Court] to decide whether the determination is supported by substantial evidence." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (alterations and internal quotation marks omitted).

### C.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022).

**IV.    ANALYSIS**

   **A.  Opinion Evidence**

Plaintiff argues the ALJ "ignored" opinion evidence from Plaintiff's treating credentialed alcoholism and substance abuse counselor ("CASAC") Cara Butcher, Physician Assistant ("PA") Kyle Switzer, and Nurse Practitioner ("NP") Eliud Kosgei, and ignored "all of the restrictive portions" of Dr. David Schaich's opinion.

Under 20 C.F.R. §§ 404.1520c, 416.920c the ALJ must articulate how he or she considered certain factors in assessing medical opinions and prior administrative findings.  *See* 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c)[2].  The regulatory factors are: (1) supportability, (2) consistency, (3) relationship with the claimant (which has five sub-factors of its own to consider), (4) specialization, and (5) other factors.  *Id.* §§ 404.1520c(c), 416.920c(c).  An ALJ must explain his or her approach with respect to the first two factors when considering a medical opinion, but need not expound on the remaining three.  *Id.* §§ 404.1520c(b), 416.920c(b).  The ALJ is tasked with analyzing medical opinions at the source-level, meaning that the ALJ need not discuss each and every medical opinion in the record, and may apply the factors holistically to a single medical source.  *Id.* §§ 404.1520c(b)(1), 416.920c(b)(1).  These rules do not apply to the ALJ analysis or consideration of nonmedical sources.  *Id.* §§ 404.1520c(d), 416.920c(d).

---

[2]   A prior administrative medical finding is a finding, other than the ultimate determination about whether a plaintiff is disabled, about a medical issue made by the SSA's Federal and State agency medical and psychological consultants at a prior level of review in a plaintiff's current claim based on their review of the evidence in plaintiff's case record.  20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5).

The first factor - supportability - looks at how well a medical source supported and explained his/her opinions about the patient. The strength of a medical opinion is increased as the relevance of the objective medical evidence and explanations increase.  20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  The second factor - consistency - looks at whether a medical provider's findings and opinions are consistent with those of other medical providers and medical evidence.  The more consistent a particular medical source/opinion is with other evidence in the medical record, the stronger that medical opinion becomes.  20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

### i.)     Employability Forms

Plaintiff argues the ALJ committed legal error in failing to assess opinions provided by NP Kosegei and PA Switzer.  (Dkt. No. 10 at 15-18.)  Plaintiff argues the ALJ's error cannot be deemed harmless because the opinions were "restrictive to the point that they favored disability."  (*Id.* at 17.)  Defendant argues any error in not discussing the opinions is harmless because a proper consideration of the opinions would not change the outcome of the claim.  (Dkt. No. 12 at 20.)

ALJs must articulate their consideration of the medical opinion evidence, including how persuasive they find the medical opinions in the case record.  20 C.F.R. §§ 404.1520c(b), 416.920c(b).  However, ALJs are not required to articulate how they consider evidence from nonmedical sources.  *Id.* §§ 404.1520c(d), 416.920c(d).  In addition, ALJs are not required to provide any analysis about how they considered evidence that is inherently neither valuable nor persuasive, such as decisions by other governmental agencies and statements on issues reserved to the Commissioner.  *Id.* §§ 404.1520b(c)(1)-(3), 416.920b(c)(1)-(3).  The articulation requirements will allow a

subsequent reviewer or a reviewing court to trace the path of an adjudicator's reasoning and will not impede a reviewer's ability to review a determination or decision, or a court's ability to review the final decision.  Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01.

On May 16, 207, PA Switzer completed a "Medical Examination for Employability Assessment, Disability Screening, And Alcoholism/Drug Addiction Determination" form for the State of New York.  (T. 774-775.)  He indicated Plaintiff had "no evidence of limitations" in his ability to understand and remember instructions; carry out instructions; and maintain basic standards of personal hygiene and grooming.  (T. 775.)  He indicated Plaintiff was "moderately limited" in his ability to: maintain attention/concentration; make a simple decision; interact appropriate with others; and function in a work setting at a consistent pace.  (*Id.*)  He indicated Plaintiff was "very limited" in his ability to maintain socially appropriate behavior without exhibiting behavior extremes.  (*Id.*)

On December 5, 2018, Megan Mogavero, FNP-BC, completed a "Medical Examination for Employability Assessment, Disability Screening, And Alcoholism/Drug Addiction Determination" form for the State of New York.  (T. 781-782.)[3]  NP Mogavero indicated Plaintiff had "no evidence of limitations" in his ability to understand and remember instructions; carry out instructions; and maintain basic standards of personal hygiene and grooming.  (T. 782.)  She indicated Plaintiff was "moderately limited" in his ability to: maintain attention/concentration; make a simple decision; interact appropriate

---

[3] Although ANP Kosegei's name appears on the form, the form was completed by FNP Mogavero.  (T. 782.)  However, both sources are nurse practitioners and therefore acceptable medical sources.  20 C.F.R. §§ 404.1502(a)(7), 416.902(a)(7).

with others; and function in a work setting at a consistent pace. (*Id.*) She indicated Plaintiff was "very limited" in his ability to maintain socially appropriate behavior without exhibiting behavior extremes. (*Id.*) NP Mogavero wrote Plaintiff had "poor decision making and capacity." (*Id.*)

The ALJ did not mention either opinion in his decision. (T. 18-28.) NP Mogavero and PA Switzer are acceptable medical sources under the regulations. 20 C.F.R. §§ 404.1502(a)(7)-(8), 416.902(a)(7)-(8). The ALJ erred in failing to evaluate the opinions provided by the acceptable medical sources. *See id.* §§ 404.1520c(b), 416.920c(b) (an ALJ must articulate how persuasive they find medical opinions). However, remand is unnecessary "[w]here application of the correct legal principles to the record could lead only to the same conclusion." *Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (citations omitted).

Plaintiff asserts the opinions were "restrictive to the point that they favored a finding of disability. (Dkt. No. 10 at 17.) However, most of the opined limitations are consistent with the ALJ's mental RFC determination limiting Plaintiff to simple, routine, repetitive, low stress work with occasional changes and occasional interaction with others. (T. 20.) Both sources indicated Plaintiff had "no evidence of limitations" in his ability to understand and remember instructions; carry out instructions; and maintain basic standards of personal hygiene and grooming. (T. 775, 782.) Further, the ALJ's RFC limiting Plaintiff to low stress work with occasional decision making and changes and only occasional interaction with others, is consistent with the opined moderate limitations. (T. 775, 782); *see Coleman v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 389, 400 (W.D.N.Y. 2018) (ALJ's mental RFC limiting plaintiff to simple routine work properly

accounted for opinions plaintiff had moderate limitations in various areas of mental functioning); *see Cowley v. Berryhill*, 312 F. Supp. 3d 381, 384 (W.D.N.Y. 2018) (RFC for unskilled work accounted for moderate limitations with respect to stress); *see Tatelman v. Colvin*, 296 F. Supp. 3d 608, 613 (W.D.N. Y. 2017) ("it is well-settled that a limitation to unskilled work ... sufficiently accounts for limitations relating to stress and production pace"); *Washburn v. Colvin*, 286 F. Supp. 3d 561, 566 (W.D.N.Y. 2017), *appeal dismissed* (Mar. 30, 2018) ("It is well settled that a limitation to unskilled work sufficiently accounts for moderate limitations in work-related functioning.").

However, the ALJ's failure to assess the sources' opinion that Plaintiff was "very limited" in his ability to maintain socially appropriate behavior without exhibiting behavior extremes was not harmless. First, the opined limitation is more favorable to Plaintiff and not inherently consistent with the RFC determination, and therefore, the application of the correct legal standard would not necessarily lead to the same conclusion.

Second, the ALJ's rationale concerning this limitation cannot be gleaned from the record. *See Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir.1983) (noting that when "the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability").

To be sure, consultative examiner, David Schaich, Psy.D., opined Plaintiff was "mildly limited in his ability to regulate emotions, control behavior, and maintain well-being." (T. 522.) However, the ALJ found Dr. Schaich's opinion "somewhat persuasive" concluding "evidence acquired at the hearing level persuades the undersigned that Dr.

Schaich overstates [Plaintiff's] abilities."  (T. 29.)  However, the ALJ did not elaborate on what evidence supported his determination.  Indeed, the ALJ did not explicitly discuss the supportability or consistency of Dr. Schaich's opinion.  (*Id*.)  Treating mental health counselor, Ruby Orcutt, LMHC-P, opined Plaintiff's ability to maintain socially appropriate behavior was "unlimited or very good."  (T. 1934.)  However, the ALJ found her opinion "unpersuasive" reasoning it was provided on a check mark form that provided little narrative.  (T. 25.)[4]

Although a majority of the limitations provided in the opinion overlooked by the ALJ are consistent with the ALJ's RFC determination and therefore would not have changed the ALJ's determination; the opined behavior limitation was more favorable to Plaintiff.  In addition, the ALJ's assessment of other opinion evidence in the record fails to provide insight into the ALJ's rationale and frustrates meaningful review.  Therefore, remand is necessary for a proper evaluation of the assessments completed by NP Mogavero and PA Switzer.

### ii.)   CASAC Cara Butcher

Next, Plaintiff argues the ALJ failed consider the opinion of CASAC Butcher containing "important functional information including that Plaintiff was accepted into a

---

[4] The fact that an opinion is rendered on a check-box form, standing alone, is no longer recognized as a valid reason for finding a source's opinion less persuasive in the abstract. *See Colgan v. Kijakazi*, 22 F.4th 353, 361 (2d Cir. 2022) (emphasizing that "the nature of the ALJ's inquiry in disability factfinding turns on the substance of the medical opinion at issue – not its form – and ultimately whether there is reasonable evidence in the record that supports the conclusions drawn by the medical expert"). However, the extent to which a source sets forth a medical opinion without providing any explanation or rationale on the opinion form is still one valid consideration when assessing the statutory factor of supportability. *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) (noting that opinions will be found more or less persuasive based on whether the source provides relevant objective medical evidence and *supporting explanations* in support of the opinion).  Ms. Orcutt completed not only the check-box sections of the form, she completed the narrative and open-ended sections of the medical source statement form. (T. 1931-1935.)

structured residential treatment program, involving "rehabilitation services, case management, and supportive counseling in an apartment setting to assist him with attaining the skills necessary for independent living," weekly meetings with a primary counselor, and on-site daily visits conducted by other TSI staff." (Dkt. No. 10 at 18, citing T. 610.)

In a letter dated December 11, 2018, Ms. Butcher stated Plaintiff would be unable to manage any gainful employment. (T. 770.) Ms. Butcher's statement was a statement on an issue reserved to the Commissioner, which the ALJ properly did not address. (T. 770); 20 C.F.R. §§ 404.1520b(c), 416.920b(c) (statements that a claimant is "disabled" or "unable to work" are opinions on issues reserved to the Commissioner are neither valuable nor persuasive and will not be analyzed in the decision). Therefore, the ALJ properly did not address Ms. Butcher's statement.

### iii.)   Dr. Schaich

Plaintiff argues, although the ALJ concluded Dr. Schaich's opinion concerning Plaintiff's ability to understand, remember, or apply information, the ALJ failed to discuss the remainder of the doctor's opinion. (Dkt. No. 10 at 19.)

Dr. Schaich opined Plaintiff had no limitations in his ability to understand, remember, or apply simple or complex directions or instructions. (T. 522.) Dr. Schaich opined Plaintiff had moderate limitations in using reason and judgment to make work-related decisions; interacting adequately with supervisors, coworkers, and the public; sustaining concentration and performing a task at a consistent pace; and sustaining and ordinary routine and regular attendance at work; and mild limitations in the ability to regulate emotions, control behavior, and maintain well-being. (*Id.*)

12

Remand is necessary because the ALJ failed to articulate how she considered the factors in 20 C.F.R. § 416.920c in assessing Dr. Schaich's opinion. As noted already herein, the ALJ found Dr. Schaich's opinion "somewhat persuasive." (T. 25.) The regulations make clear when considering a medical opinion, the ALJ "must explain his approach" with respect to the supportability and consistency of the opinion. 20 C.F.R. § 416.920c(b). The articulation requirements should allow a reviewer to "trace the path" of the ALJ's reasoning. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 FR 5844-01; *see also Camille v. Colvin*, 652 F. App'x 25, 28 (2d Cir. 2016) ("Although the ALJ did not describe in detail her rationale, we can infer from the decision that she attributed 'great weight' to the opinion because she found it most consistent with the record as a whole."). Although the ALJ noted portions of the doctor's opinion, a review the ALJ's decision does not allow the Court to "trace the path" of the ALJ's reasoning. Therefore, on remand the ALJ should properly assess the supportability and consistency of Dr. Schaich's opinion.

**B. Migraine**

Plaintiff argues the ALJ failed to incorporate migraine related limitations into the RFC and the ALJ mischaracterized the record in summarizing the evidence regarding his migraines. (Dkt. No. 10 at 20-23.) Defendant argues the ALJ did not mischaracterize the record and fully accounted for any migraine-related symptoms. (Dkt. No. 12 at 22-25.)

A review of the record and the ALJ's decision indicates the ALJ properly considered evidence of Plaintiff's migraine condition. *See John B. v. Kijakazi*, No. 21-CV-0252L, 2023 WL 24046, at *2 (W.D.N.Y. Jan. 3, 2023). As noted by the ALJ,

Plaintiff received treatment for his migraines from UBMD Neurology and reported his headaches were "much better controlled" on medication. (T. 24.) Although Plaintiff argues evidence warranted additional RFC restrictions for migraines, he has not supported his conclusion with reference to any evidence that the ALJ overlooked or improperly discredited. *See Reynolds v. Colvin*, 570 F. App'x. 45, 47 (2d Cir. 2014) ("A lack of supporting evidence on a matter where the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits."); *Smith v. Berryhill*, 740 F. App'x. 721, 726 (2d Cir. 2018) (explaining plaintiff's duty to prove a more restrictive RFC).

Therefore, the ALJ's assessment of limitations due to migraines was proper and supported by substantial evidence.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. #) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. #) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated:   March 2, 2023

*Bill Carter*
William B. Mitchell Carter
U.S. Magistrate Judge